that the party protesting, or giving his notice of dissatisfaction, must restrict himself to any one particular rate of duty which he may claim that his goods should pay. Nor do I find that any of the authorities go to the length of holding that he shall do so. Under those circumstances, to stamp the protest as void because it is multifarious, would seem to be legislation, rather than a construction of the statute.

**No. 40345.**—Protest 844357–G of New York Merchandise Co., Inc. (New York).

Opinion by SULLIVAN, J. In accordance with stipulation of counsel and on the authority of *United States* v. *Woolworth* (24 C. C. P. A. 338, T. D. 48770) and Abstract 27179 the balls in question were held dutiable at 30 percent under paragraph 1502 as claimed.

**No. 40346.**—Protest 741551–G of Langfelder, Homma & Hayward, Inc. (New York).

Opinion by SULLIVAN, J. In accordance with stipulation of counsel and on the authority of *May* v. *United States* (T. D. 47760) and *Woolworth* v. *United States* (T. D. 48573) the tennis rackets in question were held dutiable at 30 percent under paragraph 1502 as claimed.

**No. 40347.**—Protests 758106–G, etc., of New York Merchandise Co., Inc. (New York).

Opinion by SULLIVAN, J. In accordance with stipulation of counsel and on the authority of *May* v. *United States* (T. D. 47760) and *Woolworth* v. *United States* (T. D. 48573) the tennis rackets in question were held dutiable at 30 percent under paragraph 1502 as claimed.

BEFORE THE SECOND DIVISION, JANUARY 9, 1939

**No. 40348.**—Protests 953788–G, etc., of C. Bloom, Inc., et al. (New York).

TILSON, Judge. The suits listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation:

It is stipulated and agreed by and between counsel with respect to certain merchandise assessed with duty at the rate of 90% ad valorem under the provisions of paragraph 1430, Tariff Act of 1922:

1. That the items of merchandise marked "A" on the invoices and checked by A. H. L., J. E., consist of Alencon laces, embroidered net ornaments and galloons, similar in all material respects to the merchandise held dutiable at 75% ad valorem under the paragraph and Act aforesaid in T. D. 44067 and Abstract 12555, the records of which cases are incorporated herein.

2. That the items of merchandise marked "B" on the invoices and checked by J. W. T., R. F., consist of garters and clowns composed in chief value of artificial silk and similar in all material respects to the merchandise held dutiable at the rate of 60% ad valorem under paragraph 31 of the Act aforesaid as compounds of cellulose in Abstract 37230, the record of which Abstract is incorporated herein.

3. That the items of merchandise marked "C" on the invoices and checked by F. P. I., consist of filet lace or filet lace articles, similar in all material respects to the filet laces passed upon in T. D. 47065 and therein held to be dutiable at the rate of 75% ad valorem under paragraph 1430 of the Act aforesaid, and that the record in said T. D. 47065 be incorporated herein.